IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 02-205-MRH |
| | ) | Civ. No. 05-403-MRH |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE E. BARTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

A jury convicted defendant of knowingly transmitting, by wire communication, the false claim that he owned certain farm equipment worth $321,000, to be used as collateral, to carry out a scheme to defraud, i.e., to obtain a loan. The court sentenced defendant to 34 months imprisonment and ordered defendant to pay restitution.

After appeal, the Ninth Circuit upheld the conviction, but remanded for re-sentencing. The court sentenced defendant to time served (19 months) and released him on three years supervised release.

Defendant now seeks habeas relief pursuant to 28 U.S.C. § 2255. Defendant raises claims for ineffective assistance of counsel.

Defendant contended at trial that at the time he applied for the loan he believed the farm equipment was worth $321,000 and that he had loaned the equipment to various friends, but that his friends had neglected the equipment (unbeknownst to defendant) rendering the equipment worthless. Defendant contends that his trial counsel was ineffective for failing to obtain statements, receipts or other documents to show the value of the property at the time it was purchased and the value of the property at the time defendant loaned it to his friends. Defendant also contends that his appellate counsel was ineffective for failing to raise the issue of whether the trial court improperly admitted evidence of a signed agreement between Pioneer Title and defendant as evidence that defendant signed the agreement.

To prevail on a claim of ineffective assistance of counsel, defendant must show both that his attorney's performance fell below an objective standard of reasonableness; and that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The defendant must identify the acts or omissions of counsel that are alleged not to have been the

result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. Whether counsel is ineffective involves a mixed question of law and fact. See Crandell v. Bunnell, 144 F.3d 1213, 1216 (9th Cir. 1998); Moran v. Godinez, 57 F.3d 690, 699 (9th Cir. 1994).

A.     Trial Counsel

As noted above, defendant contends that his trial counsel was ineffective for failing to obtain statements, receipts or other documents to show the value of the property to negate the intent element of the crime upon which defendant was convicted. Defendant contends that he specifically requested his trial counsel to obtain evidence to show the value of the equipment at the time of purchase and at the time of the loan, but that counsel ignored his requests. Defendant contends that had counsel done so, the jury would have acquitted defendant for lack of proof regarding his intent to defraud.

Defendant does not now offer any documentary evidence of the value of the equipment at the time of purchase or at the time of the loan. Trial counsel investigated and presented evidence of ownership and sale and valuation of the equipment upon resale by defendant. Defense counsel also presented photographs, receipts and live testimony as to the condition of the property. The government presented strong evidence of lack of value including defendant's own prior statements that the most valuable piece of equipment he owned was worth a "couple thousand dollars," and defendant's financial difficulties and financial worth. In light of the overwhelming evidence produced at trial and defense counsel's efforts to rebut that evidence, the court finds that defendant's

trial counsel was not deficient nor was plaintiff prejudiced by an alleged lack of any further investigation into the value of equipment owned by plaintiff at the time of the loan application.

B.     Appellate Counsel

Defendant argues that his appellate counsel failed to raise the issue of whether certain evidence was properly admitted at trial. Defendant also claims that appellate counsel was deficient for stating in the briefing that defendant had been convicted of three counts instead of stating defendant had been convicted of one count and acquitted on the other two.

Defendant objected to the admission of an a signed security agreement with Pioneer Title and defendant on the basis of hearsay, lack of foundation and authentication. The trial court found the document to be a business record properly authenticated through testimony and documentary evidence. Defendant contends that appellate counsel should have raised this issue on appeal. The trial court properly found the document to be a business record and properly allowed the jury to compare the signature on the document to other examples of defendant's signature. Accordingly, appellate counsel's failure to raise the issue on appeal was not deficient.

Appellate counsel did erroneously state in an appellate brief that defendant had been convicted of all three counts, but defendant did not suffer any prejudice as a result of this error especially in light of the fact that government's briefing reflected that defendant had only been convicted on count 2.

C.      Cumulative Error

Defendant contends that even if none of the errors noted above amount to ineffective assistance of counsel standing alone, the cumulative impact amounts to deprivation of his right to effective assistance of counsel.  Viewing the record as a whole, defendant was not deprived of effective assistance of counsel.

## CONCLUSION

For the reasons stated above, defendant's motion for relief pursuant to 28 U.S.C. § 2255 (#176) is denied and this proceeding is dismissed

DATED this  24th  day of April, 2006.

 s/ Michael R. Hogan
United States District Judge